# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| Kenneth Donahue, | Index No.: |
| Plaintiff, | Date Purchased: |
| - against - | SUMMONS |
| Oxford Electronics, Inc., dba Oxford Airport Technical Services | Plaintiff designates Queens County as the place of trial, based upon county wheresubstantial part of the events or omissions giving rise to the claim occurred. |
| Defendant. | |

To the above named Defendant:

YOU ARE HEREBY SUMMONED to answer the verified complaint in this action and to serve a copy of your verified answer on the plaintiff's Attorney within twenty (20) days after the service of this summons, exclusive of the date of service, or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York; and in case you fail to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       April 9, 2021

MICHAEL G. O'NEILL

_____
Attorney for Plaintiff
30 Vesey Street, Third Floor
New York, New York 10007
(212) 581-0990

RECEIVED NYSCEF: 04/09/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| Kenneth Donahue, | Index No.: |
| **Plaintiff,** | |
| - against - | Verified Complaint |
| **Oxford Electronics, Inc., dba Oxford Airport Technical Services** | |
| **Defendant.** | |

Plaintiff, by his attorney, Michael G. O'Neill, complains against defendant as follows:

1.      This is an action alleging discrimination in employment on the basis of age and disability (or perceived disability) in violation of the New York City Human Rights Law (the "NYCHRL") and the New York State Human Rights Law ("NYSHRL").  Plaintiff also alleges unlawful retaliation for opposing defendant's unlawful employment practices in violation of the aforementioned laws.

2.      Plaintiff is an individual, and resides in the State of Tennessee.

3.      Plaintiff was born in 1944.

4.      Defendant Oxford Electronics, Inc., dba Oxford Airport Technical Services ("Oxford") is a Delaware Corporation authorized to conduct business in the State of New York.

5.      Oxford provides ground support and related services for airlines.

6.      Plaintiff is disabled, or regarded as disabled, within the meaning of the Americans With Disabilities Act, in that he has a heart illness that requires periodic ablation

1

procedures, has high blood pressure and suffered a stroke in July, 2018.  plaintiff's disabilities (or perceived disabilities) did not prevent him from performing the essential functions of his employment.

7.        Plaintiff, who had significant experience in the aviation industry, was hired by Oxford in about August, 2005 as a administrative maintenance supervisor.

8.        As an administrative maintenance supervisor, plaintiff was stationed at airports and supervised employees providing services to airlines at airports.

9.        For several years before January, 2017, plaintiff was stationed at John F. Kennedy International Airport ("JFK.")

10.       In January, 2017, plaintiff was temporarily transferred to LaGuardia Airport ("LGA.")

11.       On about July 6, 2018, plaintiff suffered a stroke.

12.       On or about August 6, 2018, plaintiff was cleared by his neurologist to return to work without restrictions.

13.       Plaintiff returned to work on August 16, 2018.

14.       In about November, 2018, plaintiff was transferred back to JFK, performing his usual duties as administrative maintenance supervisor.

15.       Shortly after plaintiff returned to JFK, his supervisor told him that "we have to find someone else to do your job, because we don't know how long you'll be around" or words to that effect.

16.       Plaintiff understood his supervisor to be referring to his age, his disabilities or both.

17.     Shortly thereafter, respondent hired an individual who was about 30 years younger than plaintiff to perform plaintiff's job, and plaintiff was transferred to respondent's office, where he was given the job of "purchasing agent."

18.     Upon information and belief, the individual who was hired to replace plaintiff was not disabled.

19.     Plaintiff had worked for over 30 years as an administrative maintenance supervisor and had no experience or training as a purchasing agent.

20.     Respondent provided no training to plaintiff.

21.     The transfer significantly reduced plaintiff's pay.  Although his hourly rate did not change, he had worked steady overtime as a administrative maintenance supervisor, and the transfer reduced plaintiff's gross compensation by about a third.

22.     In addition, because plaintiff has no experience or training in his present position, he was subjected to repeated criticisms and performance warnings, which put plaintiff in constant fear that defendant was building a case to terminate his employment.

23.     On about May 22, 2019, plaintiff filed charges of age and disability discrimination against defendant.

24.     About two month after plaintiff filed his charge of retaliation, his boss stopped talking to him.

25.     On about October 29, 2019, plaintiff observed a female co-worker in danger of being hit by a worker carrying a ladder.

26.     Plaintiff instinctively moved the co-worker out of the way of the ladder.

27.     Later that day, plaintiff was terminated for "sexual harassment" because he

"put his hands" on the co-worker whom he moved out of the way of the ladder.

28.        Not only did defendant fire plaintiff, but it attempted to prevent him from

collecting unemployment benefits.

29.        The New York Department of Labor held a hearing on defendant's objection

to defendant's on about February 14, 2020.

30.        Following a fair and impartial hearing at which defendant had a full

opportunity to prevent evidence regarding its reasons for terminating plaintiff's employment, a

New York Department of Labor Administrative Judge overruled defendant's objection to

plaintiff's unemployment claim, finding that "the circumstances surrounding the incident

supports the claimant's view that he was merely attempting to protect the coworker from

harm."

## First Claim

31.        Defendant discriminated against plaintiff on the basis of his age and

disability or perceived disability when it transferred him from an administrative maintenance

supervisor to a purchasing agent in violation of the NYCHRL.

## Second Claim

32.        Defendant discriminated against plaintiff on the basis of his age and

disability or perceived disability when it transferred him from an administrative maintenance

supervisor to a purchasing agent in violation of the NYSDHR

## Third Claim

33.        Defendant discriminated against plaintiff on the basis of his age and

4

disability or perceived disability in violation of the NYCHRL when it terminated his employment. Additionally or alternatively, defendant violated the NYCHRL by terminating his employment for opposing discriminatory employment practices.

### Fourth Claim

34.    Defendant discriminated against plaintiff on the basis of his age and disability or perceived disability in violation of the NYSHRL when it terminated his employment. Additionally or alternatively, defendant violated the NYSHRL by terminating his employment for opposing discriminatory employment practices.

35.    WHEREFORE, plaintiff demands judgment for all relief permitted by law, including but not limited to awarding plaintiff a money judgment for his damages, awarding plaintiff punitive damages, awarding prejudgment interest and costs, awarding to plaintiff a statutory attorneys' fee and granting such further and additional relief as the Court deems just and appropriate under the circumstances.

Dated: New York, New York
      April 9, 2021

MICHAEL G. O'NEILL

_____

Attorney for Plaintiff
30 Vesey Street, Third Floor
New York, New York 10007
(212) 581-099

<u>VERIFICATION</u>

STATE OF NEW YORK )

                          ss.:

COUNTY OF NEW YORK)


I, the undersigned, am an attorney admitted to practice in the Courts of New York, and say that: I am the attorney for the plaintiff.  I have read the annexed Verified Complaint and I know the contents thereof and the same are true to the best of my information and belief, and I believe them to be true.  My belief, as to those matters therein not stated upon knowledge, is based upon the following:  investigation being conducted and a file maintained in this office.

      The reason I make this affirmation instead of plaintiff is because plaintiff is not present in New York County where I maintain my office.

      I affirm that the foregoing statements are true under the penalties of perjury.


Dated: New York, New York
      April 9, 2021



                                    _____
                                      Michael G. O'Neill

# Exhibit B

 CT Corporation

**Service of Process Transmittal**
05/05/2021
CT Log Number 539511015

**TO:**  Jacquelyn Huggins Christian
Worldwide Flight Services, Inc.
B151, E. HANGAR ROAD, CARGO AREA A
JFK INTERNATIONAL AIRPORT-JAMAICA
NEW YORK, NY 11430

**RE:**  **Process Served in New York**

**FOR:**  Oxford Electronics Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Kenneth Donahue, Pltf. vs. Oxford Electronics, Inc., etc., Dft. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 7082512021 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/05/2021 at 14:35 |
| **JURISDICTION SERVED :** | New York |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780109525134 |
| | Image SOP |
| | Email Notification,  Maya Fontaine  mfontaine@wfs.aero |
| | Email Notification,  Baron Oursler  baron.oursler@wfs.aero |
| | Email Notification,  Jacquelyn Huggins Christian  jhuggins.christian@wfs.aero |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>28 Liberty Street<br>New York, NY 10005<br>866-401-8252<br>EastTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**              Wed, May 5, 2021

**Server Name:**       NY-NYC DROPOFFPROCESSSERVER

Entity Served          OXFORD ELECTRONICS INC.

Agent Name             414434

Case Number            7082512021

Jurisdiction           NY



# Exhibit C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
_____

Kenneth Donahue,

                     Plaintiff,

          -against-                                        **VERIFIED ANSWER**

Oxford Electronics, Inc., dba Oxford Airport Technical      Index No. 708251/2021
Services

                     Defendant.
_____

        Defendant OXFORD ELECTRONICS, INC., dba OXFORD AIRPORT TECHNICAL

SERVICES (hereinafter "Oxford" or "Defendant"), by and through their attorneys, Bond, Schoeneck &

King, PLLC, answer plaintiffs' Complaint as follows:

        1.      Defendant admits that Plaintiff purports to assert a cause of action under the New York

City Human Rights Law ("NYCHRL") and the New York State Human Rights Law ("NYSHRL").

Defendant denies that any of Plaintiff's rights have been violated under any city or state law.  Defendant

denies the remaining allegations contained in paragraph 1 of the Complaint.

        2.      Deny having knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph "2" of the Complaint.

        3.      Admit the allegations in paragraph "3" of the Complaint.

        4.      Admit the allegations in paragraph "4" of the Complaint.

        5.      Deny the allegations in paragraph "5" of the Complaint except admit that Defendant is a

ground support equipment maintenance and repair company.

        6.      Paragraph "6" of the Complaint calls for a legal conclusion to which no response is

required, but deny that the Plaintiff was ever regarded as or perceived as disabled.

        7.      Deny the allegations in Paragraph "7".

12524590.1 5/24/2021

Case 2:21-cv-03963-JMA-ARL   Document 1-2   Filed 07/13/21   Page 14 of 33 PageID #: 21

8.      Deny the allegations in paragraph "8" of the Complaint, except admit that Plaintiff was stationed at airports and that he did supervise other employees.

9.      Deny the allegations in paragraph "9" of the Complaint, except admit that Plaintiff worked at John F. Kennedy International Airport, in addition to other airports, prior to 2017.

10.      Deny the allegations in paragraph "10" of the Complaint, except admit that Plaintiff worked at La Guardia airport in 2017.

11.      Admit the allegations in paragraph "11" of the Complaint.

12.      Deny the allegations in paragraph "12" of the Complaint, except admit that Plaintiff was cleared by his doctor to return to work without restrictions.

13.      Deny the allegations in Paragraph "13" of the Complaint.

14.      Deny the allegations in paragraph "14" of the Complaint.

15.      Deny the allegations in paragraph "15" of the Complaint.

16.      Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "16" of the Complaint.

17.      Deny the allegations in paragraph "17" of the Complaint, except admit that Plaintiff was transferred to Defendant's office and given the job of purchasing agent.

18.      Paragraph "18" of the Complaint calls for a legal conclusion to which no response is required.

19.      Dany the allegations in paragraph "19" of the Complaint.

20.      Deny the allegations in paragraph "20" of the Complaint.

21.      Deny the allegations in paragraph "21" of the Complaint, except admit that Plaintiff's hourly rate remained the same.

12524590.1 5/24/2021

22.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "22" of the Complaint related to the Plaintiff's "constant fear that defendant was building a case to terminate his employment". Deny the remainder of the allegations in paragraph 22 of the Complaint.

23.     Admit the allegation in paragraph "23" of the Complaint that Defendant filed a charge of discrimination, but Defendant denies that any of Plaintiff's rights have been violated under any federal, city or state law.

24.     Deny the allegation in paragraph "24" of the Complaint.

25.     Deny the allegations in paragraph "25" of the Complaint.

26.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "26" of the Complaint related to the Plaintiff "instinctively" moving a co-worker out of the way of the ladder.  Deny the remainder of the allegation in paragraph "26" of the Complaint.

27.     Deny the allegations in Paragraph "27" of the Complaint, except admit that Plaintiff was terminated for violating the Defendant's sexual harassment policy and acting unprofessionally for placing his hands on the waist of a female co-worker.

28.     Deny the allegations in Paragraph "28" of the Complaint except admit that Plaintiff was terminated and assert that New York Labor Law Section 537 prohibits the use of unemployment insurance information in any court action or proceeding.

29.     Deny the allegations in paragraph "29" of the Complaint and assert that New York Labor Law Section 537 prohibits the use of unemployment insurance information in any court action or proceeding.

3

12524590.1 5/24/2021

FILED: QUEENS COUNTY CLERK 05/25/2021 03:43 PM INDEX NO. 708251/2021
NYSCEF DOC. NO. 2                                            RECEIVED NYSCEF: 05/25/2021

30.    Deny the allegations in paragraph "30" of the Complaint assert that New York Labor Law Section 537 prohibits the use of unemployment insurance information in any court action or proceeding.

31.    Deny the allegations in paragraph "31" of the Complaint.

32.    Deny the allegations in paragraph "32" of the Complaint..

33.    Deny the allegations in paragraph "33" of the Complaint.

34.    Deny the allegations in paragraph "34" of the Complaint.

35.    Deny the allegation sin paragraph "35" of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

36.    The Complaint fails to state a claim upon which relief may be granted as against the Defendant.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

37.    Plaintiff fails to state a claim upon which relief may be granted against the Defendant for violation of his rights under the New York State Human Rights Law, Executive Law § 290 *et seq.*

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

38.    Plaintiff fails to state a claim upon which relief may be granted as against the Defendant for violation of his rights under the New York City Human Rights Law, New York City Administrative Code § 8-101 *et seq.*

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

39.    The Defendant has policies in place prohibiting all forms of discrimination, retaliation and/or harassment against individuals in categories protected by the New York State and New York City anti-discrimination laws, and providing procedures for effective and immediate redress and resolution of all such matters. Plaintiff failed to properly utilize such policies and/or procedures and, accordingly, his

4

12524590.1 5/24/2021

FILED: QUEENS COUNTY CLERK 05/25/2021 03:43 PM   INDEX NO. 708251/2021

NYSCEF DOC. NO. 2                                          RECEIVED NYSCEF: 05/25/2021

discrimination and retaliation claims are precluded and/or his damages must be reduced in proportion to such failure.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

40.    Plaintiff is not covered by or entitled to relief under the New York State Human Rights Law and/or the New York City Human Rights Law or any other federal, state or local statute, rule or regulation.

### AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE

41.    Defendant acted in a non-discriminatory, non-retaliatory manner, for legitimate non-discriminatory, non-retaliatory reasons wholly unrelated to Plaintiff's age and/or any alleged disability and/or any alleged exercise of Plaintiff's rights under the New York State Human Rights Law or New York City Human Rights Law, and properly exercised their duties under the statutes upon which Plaintiff bases his claims.

### AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE

42.    Plaintiff's claims for compensatory and/or punitive damages are barred, in whole or in part, because Defendant did not engage in any conduct sufficient to permit an award of such damages and/or Plaintiff's claims are not authorized by law.

### AS AN FOR A SEVENTH AFFIRMATIVE DEFENSE

43.    Plaintiff's claims for relief are barred, in whole or in part, by Plaintiff's failure to mitigate his damages.

### AS AN FOR AN EIGHT AFFIRMATIVE DEFENSE

44.    The Court lacks subject matter jurisdiction over this proceeding.

## AS AN FOR A NINTH AFFIRMATIVE DEFENSE

45.     Plaintiff's reliance on any testimony, information, data or decisions from unemployment

are irrelevant and inadmissible in this proceeding pursuant to New York Labor Law Section 537.

Dated: May 25, 2021
Syracuse    , New York

BOND SCHOENECK & KING PLLC

By: _____

Patrick Melfi, Esq.
One Lincoln Center
Syracuse, NY 13202
(315) 218-8632
*Attorneys for Defendants*

FILED: QUEENS COUNTY CLERK 05/25/2021 03:43 PM
NYSCEF DOC. NO. 2

INDEX NO. 708251/2021
RECEIVED NYSCEF: 05/25/2021

## ATTORNEY VERIFICATION

STATE OF NEW YORK    )
                       )ss.:
COUNTY OF ONONDAGA)

       PATRICK MELFI, an attorney duly admitted to the practice of law before the Courts of the State of New York, affirms the following under penalty of perjury: The deponent, being duly sworn, deposes and says that he is the attorney for the Defendant, Oxford Electronics, Inc., dba Oxford Airport Technical Services, in the above-captioned action with offices located at One Lincoln Center, Syracuse, New York, County of Onondaga, State of New York; that he has read the foregoing Verified Answer and knows the contents thereof; that the same is true to his knowledge, except as to the matters stated to be alleged upon information and belief, and that as to those matters he believes them to be true. That the reason why this verification is made by deponent instead of Defendants is because the deponent's office is not within the County of Nassau. which is where the Defendant's headquarters are located; and that the grounds of deponent's belief as to all matters in the Verified Answer are based upon information received from the Defendants and documents related to this matter.

Dated: May 25, 2021
      Syracuse    , New York

                                   Patrick Melfi

12524590.1 5/24/2021

7

# Exhibit D

FILED: QUEENS COUNTY CLERK 06/16/2021 03:30 PM   Page 21 of 33 PageID #: 28   INDEX NO. 708251/2021
NYSCEF DOC. NO. 6                                                            RECEIVED NYSCEF: 06/16/2021

PC  06/15/2021
CC  09/14/2021

# SUPREME COURT OF THE STATE OF NEW YORK
## QUEENS COUNTY – CIVIL TERM
## PRELIMINARY CONFERENCE PART

**PRESENT: HON. MOJGAN C. LANCMAN**

-----------------------------------------------------------x

Donahue, Kenneth

Plaintiff(s),

- against -

Oxford Electronics, Inc., dba Oxford Airport

Defendant(s).

-----------------------------------------------------------x

**Preliminary Conference Order**

Index Number: 708251/2021

Date RJI Filed: 05/27/2021

A request for a Preliminary Conference having been filed, or the Court having acted on its own initiative pursuant to 22 NYCRR §202.12(j), it is hereby:

**ORDERED** that disclosure shall proceed as follows:

**(1) Insurance Coverage:**

(a) If not yet done, defendant(s); shall disclose in writing the existence and contents of any insurance agreement, including umbrella or excess coverage, as described in CPLR §3101(f) within 45 days of this Order;

(b) Plaintiff shall disclose any Uninsured Motorist/Supplemental Uninsured Motorist coverage within 45 days of this Order.

**(2) Bill of Particulars/Interrogatories:**

(a) If not already served, a demand for a Bill of Particulars or Interrogatories shall be served by defendant(s) on or before [ 07/06/2021 ].

(b) A Bill of Particulars or Interrogatories shall be served on or before [ 07/27/2021 ].

(c) If an affirmative defense or counterclaim is asserted, a Demand for a Bill of Particulars or Interrogatories shall be served by plaintiff on [ 07/06/2021 ]. A response to such demand shall be served on [ 07/27/2021 ].

**(3) Medical Report(s), Record(s) and Authorization(s):** On or before **sixty (60)** days from the date hereof, a duly executed written authorization(s) shall be furnished by plaintiff, if applicable, for the following:

(a) Physician, and/or hospital, pharmacy and/or autopsy records;

(b) Employment and/or attendance records for the period two years prior to and one year after the date of the occurrence/accident;

(c) No-fault file;

(d) Diagnostic tests and films;

(e) Collateral source authorizations / workers comp records;

(f) W2 and/or tax return records for self-employed individuals (if there is a loss of wages claim) for the period of two years prior to and one year after the date of the occurrence/accident.

Case 1:21-cv-03989-JMA-ARL Document 19 Filed 11/30/21 Page 22 of 33 PageID #: 29
NYSCEF DOC. NO. 6    RECEIVED NYSCEF: 06/16/2021

(4) **Physical Examinations:**

    (a) Examination(s) of plaintiff shall be noticed within twenty days of the completion of the Plaintiff's deposition and held within sixty days of the service of the notice.

    (b) Pursuant to 22 NYCRR §202.17(b), at least **twenty (20)** days before such examination, plaintiff shall serve upon all other parties copies of the medical reports of those physicians who have previously treated or examined him/her.

    (c) A copy of the examining physician's report shall be furnished to all parties within **forty-five (45)** days of the examination.

(5) **Depositions:**

    (a) Examinations before trial for all parties/non-parties shall be conducted remotely at a mutually convenient time, or, if so agreed by the parties, in person at a mutually agreed location and time, within Ninety **(90)** days of this order. The parties shall produce all relevant books, papers, records, and other material for use at the deposition. The parties shall designate, in writing, at least ten (10) days prior to the examination before trial, any specific material which is necessary for use at the deposition.

    (b) Unless otherwise directed prior to the examinations before trial, attorneys seeking rulings on objections or making application for any other relief pertaining to the depositions shall virtually communicate with the Preliminary Conference Justice, for a determination.

    (c) Once begun, a deposition shall continue until completed and shall not be adjourned without further order of the Court.

    (d) The transcript of an examination before trial shall be delivered to the party deposed within thirty (30) days of the deposition, and shall be returned, duly executed, pursuant to CPLR § 3116.

    (e) Subpoenas for the examination before trial of any non-party witness shall be served no later than **45 days** after the completion of party depositions, provided such witness is known by completion of party depositions, and if not known at that time, within **45 days** of first disclosure or identification of such witness or within the discretion of the Court.

    (f) Defendant's right to a further deposition of plaintiff is reserved as to any new injuries or damages claimed in any supplemental Bill of Particulars served by plaintiff following the plaintiff's deposition.

    (g) **Any deposition which is not held as scheduled in this Order must be promptly rescheduled for a date which is not later than 30 days after the original date. Only one such adjournment is permitted without further Court approval.**

(6) **Other Disclosure:**

    (a) Within **ninety (90)** days from the date hereof, all parties shall exchange names and addresses of all witnesses, and shall exchange statements of opposing parties and photographs, or, if none, shall provide an affirmation to that effect.

    (b) All parties shall exchange information relating to expert witnesses in compliance with CPLR §3101(d)(i).

    (c) Medicare Liens: If plaintiff is a medicare recipient or eligible, plaintiff shall, within **ninety (90)** days, provide defendant(s) with the details of said lien(s), or if unknown, copies of correspondence to Medicare, evidencing plaintiff's efforts to determine the outstanding claim against said plaintiff/beneficiary, should one exist.

    (d) Additional Disclosure Issues: the parties shall produce the following within **forty-five (45)** days, if applicable:

        (1) Maintenance and repair records for (2) two years prior to and including the date of the occurrence.

        (2) Contracts and all related contract documents (i.e. Progress Reports) for two years prior to and including the date of the occurrence.

    (e) Demands for documents shall be served within **30 days** and shall be responded to within **30 days** from service.

(7) **Impleader**: All third-party actions shall be commenced within **sixty (60)** days of the last deposition. Joinder of a third-party action beyond this date without leave of Court may result in a severance.

(8) **Compliance Conference**:

(a) Unless a Note of Issue/Certificate of Readiness shall have been filed prior thereto, counsel for all parties shall submit a Compliance Conference Stipulation and Order by email to the **Compliance Conference/Settlement Part on** [ 09/14/2021 ]. The Order can be found on the Court's website or by clicking here: https://www.nycourts.gov/LegacyPDFS/COURTS/11jd/supreme/civilterm/bar_notice.pdf

(b) Filing of a Note of Issue prior to the Compliance Conference must include a written stipulation fully executed by all parties acknowledging that all discovery has been completed. Failure to comply with this provision will result in vacatur of the prematurely filed Note of Issue.

(c) Copies of medical reports and pleadings shall be available for review at the Compliance Conference and appearing attorneys must be knowledgeable about the case and be prepared to discuss settlement at that time.

(9) **ADR**: Parties are encouraged to utilize Alternative Dispute Resolution to resolve the action as early and as efficiently as possible. Information regarding ADR can be found **HERE** and by contacting Linda Dardis, Esq., ADR Coordinator, at ldardis@nycourts.gov.

(10) **Summary Jury Trials**: Parties are encouraged to consider a summary jury trial and shall notify the Court within Ninety **(90)** days from the date hereof, if a Summary Jury Trial is requested.

(11) **Motions for Summary Judgment**: Pursuant to CPLR Rule 3212(a), any motion for summary judgment shall be made within **one hundred twenty (120)** days of the filing of the Note of Issue absent the I.A. Judge's Part Rules to the contrary or further Order of the court. **Motions made before the filing of the Note of Issue do not stay discovery.**

(12) **Stipulations of settlement or discontinuance** are to be filed by defendant, pursuant to 22 NYCRR 202.28, with the County Clerk, within **twenty (20)** days of such discontinuance. A copy of the stipulation shall also be emailed to the I.A. Part.

(13) **Trial Authorizations**: Properly executed HIPPA-compliant authorizations shall be served on all defendants by plaintiff within ninety (90) days of the filing of the Note of Issue.

No discovery motion shall be made without a good faith attempt by the parties to resolve the dispute. If the dispute is not resolved, the party seeking discovery shall request a virtual conference with the Preliminary Conference Part. If the conference does not resolve the dispute, a motion may be filed. An Affirmation from the movant that a good faith effort was made to resolve the discovery dispute and that a conference with the Preliminary Conference Part was requested and held or denied, **must** accompany the motion.

**Absent good cause, non-compliance with this Order, including the failure to raise discovery problems in advance of deadlines, may result in the imposition of penalties upon the offending party and, where warranted, upon counsel. Such penalties may include waiver of the discovery, preclusion, dismissal, striking of a pleading, costs, sanctions and attorney's fees and it is further;**

**ORDERED that except for Paragraph 5(g) set forth above, the dates in this Order may not be extended without advance approval by the Court. Stipulations, unless 'So Ordered' by the Court, will not be honored.**

SO ORDERED:

Date:  06/15/2021

**MOJGAN COHANIM LANCMAN, J.S.C.**

# Exhibit E

STATE OF NEW YORK
SUPREME COURT COUNTY OF QUEENS

KENNETH DONAHUE

                    Plaintiff,

              v.

OXFORD ELECTRONICS, INC., DBA OXFORD
AIRPORT TECHNICAL SERVICES,

                    Defendant.

**FIRST REQUEST FOR
ADMISSIONS**

Index No. 708251-2021

       PLEASE TAKE NOTICE that, Defendant, OXFORD ELECTRONICS, INC., dba

OXFORD AIRPORT TECHNICAL SERVICES ("Oxford" or "Defendant"), by its attorneys,

Bond, Schoeneck & King, PLLC, requests that Plaintiff, Kenneth Donahue ("Plaintiff"), within

twenty (20) days after service of this request, admit the truth of the following matters of fact, and

       PLEASE TAKE FURTHER NOTICE that, each of these statements of fact shall

be deemed admitted unless within twenty (20) days after service of this demand, Plaintiff serves

upon Defendant a sworn statement either denying specifically the matters of which an admission

is requested or setting forth in detail the reasons why Plaintiff cannot truthfully admit or deny

those matters:

       1.     Admit that Plaintiff is seeking more than $75,000 in total damages in this

case.

       2.     Admit that the New York State Division of Human Rights dismissed

Plaintiff's claims against the Defendant in Case No. 10205684 for administrative convenience.

3.    Admit that the New York State Division of Human Rights dismissed Case No. 10205684 against the Defendant because Plaintiff intended to pursue federal remedies in court against the Defendant.

Dated:  June 4, 2021

Hilary Moreira, Esq.
BOND, SCHOENECK & KING, PLLC
Attorneys for Defendant
1010 Franklin Avenue, Suite 200
Garden City, New York 11530
Telephone:  (516) 267-6330

TO:    Michael G. O'Neill
       *Attorneys for Plaintiff*
       30 Vesey Street, Third Floor
       New York, New York 10007
       (212) 581-0990

## AFFIDAVIT OF SERVICE VIA UPS OVERNIGHT

STATE OF NEW YORK    )
                                   ss.:

COUNTY OF NASSAU    )

       REGINA L. OLSEN, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides at East Williston, N.Y.  That on June 4, 2021, she served the First Request for Admissions by United Parcel Service Overnight upon the Attorney for Plaintiff:

> Michael G. O'Neill, Esq.
> 30 Vesey Street, Third Floor
> New York, New York 10007

the address designated by him for that purpose, by depositing a true copy of same enclosed in a postpaid properly addressed wrapper under the exclusive care and custody of United Parcel Service within New York State.

                                             *Regina L. Olsen*
                                             REGINA L. OLSEN

Sworn to before me this
4th day of June, 2021

Notary Public

BARBARA MARISSA MAISTO
NOTARY PUBLIC, STATE OF NEW YORK
No. 02MA6256062
Qualified in Nassau County
Commission Expires 3/30/24

# Exhibit F

**Olsen, Gina**

| | |
|---|---|
| **From:** | UPS <pkginfo@ups.com> |
| **Sent:** | Monday, June 07, 2021 10:20 AM |
| **To:** | Olsen, Gina |
| **Subject:** | UPS Delivery Notification, Tracking Number 1Z66YR220199794924 |

**External Email:** Use caution before clicking links or opening attachments.



### Hello, your package has been delivered.

Delivery Date:   Monday, 06/07/2021
Delivery Time:   10:17 AM
Left At:   FRONT DESK
Signed by:   DEXFRONT DESK

### Experience UPS My Choice® Premium Today
Be in total control of how, when and where
your packages are delivered.

[ Upgrade to Premium Now ]

[ Set Delivery Instructions ]   [ Manage Preferences ]   [ View My Packages ]

## BOND SCHOENECK & KING

| | |
|---|---|
| Tracking Number: |  1Z66YR220199794924 |
| Ship To: | MICHAEL G. O'NEILL, ESQ.<br>30 VESEY STREET, THIRD FLOOR<br>NEW YORK, NY 100072914<br>US |
| Number of Packages: | 1 |
| UPS Service: | UPS Next Day Air® |
| Package Weight: | 0.0 LBS |
| Reference Number: | 8725 |
| Reference Number: | 423362 |

 Download the UPS mobile app

1

© 2021 United Parcel Service of America, Inc. UPS, the UPS brandmark, and the color brown are trademarks of United Parcel Service of America, Inc. All rights reserved.

All trademarks, trade names, or service marks that appear in connection with UPS's services are the property of their respective owners.

Please do not reply directly to this email.

Manage Your UPS My Choice Delivery Alerts

Review the UPS Privacy Notice

Review the UPS My Choice Service Terms

Learn About UPS My Choice

# Shipment Receipt

**Transaction Date: 04 Jun 2021**

**Tracking Number:**    1Z66YR220199794924

### (1) Address Information

| Ship To: | Ship From: | Return Address: |
|---|---|---|
| Michael G. O'Neil, Esq.<br>30 Vesey Street, Third Floor<br>NEW YORK NY 100072914 | Bond Schoeneck and King, PLLC<br>Jacqueline A. Giordano, Esq.<br>1010 Franklin Avenue<br>Suite 200<br>GARDEN CITY NY 11530<br>Telephone:516-267-6311<br>email:jgiordano@bsk.com | Bond Schoeneck and King, PLLC<br>Jacqueline A. Giordano, Esq.<br>1010 Franklin Avenue<br>Suite 200<br>GARDEN CITY NY 11530<br>Telephone:516-267-6311 email:jgiordano@bsk.com |

### (2) Package Information

| | Weight | Dimensions / Packaging | Declared Value | Reference Numbers |
|---|---|---|---|---|
| 1. | Letter<br>(Letter billable) | UPS Letter | | Atty-User Code - 8725<br>Matter Number - 423362 |

### (3) UPS Shipping Service and Shipping Options

| | |
|---|---|
| Service: | UPS Next Day Air |
| Delivered By: | 10:30 AM Monday, Jun 7, 2021 |
| Shipping Fees Subtotal: | 28.45 USD |
| Transportation | 26.59 USD |
| Fuel Surcharge | 1.86 USD |

Additional Shipping Options

Quantum View Notify E-mail Notifications:                    No Charge

1   golsen@bsk.com:   Exception, Delivery
2   jgiordano@bsk.com:   Delivery

### (4) Payment Information

Bill Shipping Charges to:          Shipper's Account 66YR22

| | |
|---|---|
| Shipping Charges: | 28.45 USD |
| A discount has been applied for this shipment.<br>Negotiated Charges: | 10.81 USD |
| Subtotal Shipping Charges: | 10.81 USD |
| Total Charges: | 10.81 USD |

Note: This document is not an invoice. Your final invoice may vary from the displayed reference rates.

* For delivery and guarantee information, see the UPS Service Guide ({0}). To speak to a customer service representative, call 1-800-PICK-UPS for domes
services and 1-800-782-7892 for international services.

# Exhibit G

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
_____

KENNETH DONAHUE,

               Plaintiff,

           v.

OXFORD ELECTRONICS, INC., DBA OXFORD
AIRPORT TECHNICAL SERVICES

               Defendant.
_____

**<u>NOTICE OF FILING OF</u>**
**<u>NOTICE OF REMOVAL</u>**

Index No. 708251/2021

**TO:    CLERK OF THE SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF QUEENS**

**PLEASE TAKE NOTICE** that Defendant Oxford Electronics, Inc., dba Oxford Airport Technical Services ("Defendant") has filed the attached Notice of Removal of this action in the United States District Court for the Eastern District of New York.

In accordance with 28 U.S.C. § 1446(d), the Notice of Removal has effectuated the removal of this action from this Court to the United States District Court for the Eastern District of New York.

Dated:  July 13, 2021

                                       BOND, SCHOENECK & KING, PLLC

                                       By:_____
                                          Hilary Moreira
                                          1010 Franklin Avenue, Suite 200
                                          Garden City, NY 11530
                                          Email: hmoreira@bsk.com
                                          *Attorneys for Defendants*